JAMES MITCHELL *vs.* ABRAHAM PEASE.

A person claiming property under a gift *causâ mortis* from a deceased intestate, whose estate has been represented insolvent, cannot defeat an action of trover brought against him by the administrator to recover the value of the property, by showing that the only claim proved against the estate before the commission-ers of insolvency, and which exceeded in amount the whole of the intestate's assets, including the property claimed by the defendant, was groundless, and was proved against the estate by false testimony, and that the administrator did not object to the proof of the claim, nor appeal from the allowance thereof, unless he also proves collusion between the creditor and the administrator.

THIS was an action of trover, by the administrator of the estate of David Pease, to recover the value of a trunk and its contents, including, among other things, several hundred dol-lars in money.   .

At the trial before *Metcalf*, J., at Nantucket, there was evidence that the trunk and its contents were the property of the plaintiff's intestate, who left the same in the care of his nephew, Joseph Pease, early in the month of April, 1849; that on the 28th of April, the intestate was suddenly taken

sick, and died on the 2d or 3d of May following; that on Sunday, the 29th of April, the intestate sent for the defendant, and requested him to go to Joseph Pease and get the trunk, and carry it to the defendant's house, and then come back to the intestate, and he would tell him what to do with it; that the defendant did as the intestate had requested, and, when he came back, told the intestate that he had so done; and that the intestate then told him that he gave the trunk and its contents to him, to do as he pleased therewith; saying that his daughter, who was his sole heir at law, and her husband, Henry Cottle, had used him in such a manner, that he did not intend that they should have any thing that he might leave. There was evidence, also, that the plaintiff had demanded of the defendant the trunk and its contents before this action was commenced, and that the defendant had refused to deliver them. The principal question, to which the testimony was directed, was, whether the intestate, at the time of the alleged gift to the defendant, was of competent capacity to make a valid gift.

After nearly all the testimony had been introduced, the plaintiff's counsel suggested, that the estate of the intestate had been represented to be insolvent; that commissioners had been appointed to examine the claims of creditors against his estate; that they had made their report to the judge of probate, with a list of the claims allowed by them; which report had been accepted and confirmed, and that the amount of such claims exceeded the amount of the intestate's assets, including the trunk and its contents.

The presiding judge thereupon inquired of the defendant's counsel, whether he admitted these facts; and he admitted that the records of the probate court showed, that the suggestions were true, and that all the proceedings of the commissioners, and of the probate court, in the matter of the intestate's insolvency, were conformable to the sixty eighth chapter of the revised statutes. But the counsel further stated, that the only claim, allowed against the estate by the commissioners, was an account of $761.74, in favor of Henry Cottle, the intestate's son in law; and that no person appeared

before the commissioners to oppose the allowance of this claim. The defendant's counsel offered to prove, that, at the time of the intestate's decease, he was not indebted to Cottle, and that the claim, which was allowed, was fraudulently set up, and was procured to be allowed by false testimony or representation, for the purpose of avoiding the effect of the alleged gift to the defendant.

The judge expressed an opinion, that it was too late for the defendant to deny or question the validity of the allowance of the claim, and that it was unnecessary for the plaintiff to show the incapacity of the intestate to make a gift to the defendant; as the gift would not be valid against the intes· tate's creditors. But, at the request of both parties, the trial proceeded; and the evidence as to the fact of the testator's giving the trunk and its contents, and his capacity to give them, was submitted to the jury, with instructions, that if they should find that the intestate did give the trunk and its contents to the defendant, in view of approaching death, and was of sufficient capacity to make the gift, their verdict should be for the defendant, subject to the opinion of the whole court upon the other questions in the case; otherwise, that their verdict should be for the plaintiff. The jury were unable to agree on a verdict, and the case was taken from them, under an agreement of the parties, that if, in the opinion of the whole court, the defendant could be permitted to contest the allowance, by the commissioners, of the aforesaid claim against the intestate's estate, and if the insolvency of the intestate's estate did not affect the validity of the alleged gift, a new trial should be granted, unless the gift should be held by the whole court to be void, because made, if at all, on Sunday; otherwise, that the defendant should be defaulted, and the damages be settled by an assessor, to be appointed by the court, if the parties should not agree upon the damages, or upon an assessor.

*T. G. Coffin*, for the plaintiff.

*H. H. Fuller*, for the defendant, contended that the pro· ceedings in the probate court were not conclusive, but only *pr1mâ facie* evidence, against persons not parties nor privy to

those proceedings; and that the defendant had a right to impeach and avoid them for fraud or other sufficient causes; and cited 1 Greenl. Ev. §§ 522 to 524; *Downs* v. *Fuller*, 2 Met. 135; *Pierce* v. *Jackson*, 6 Mass. 242, 244; *Peirce* v. *Partridge*, 3 Met. 44; *Gleason* v. *Dodd*, 4 Met. 333.

BIGELOW, J. It is conceded by the counsel for the defendant, that the gift of the intestate to the defendant would not be valid, if, at the time of making it, the donor was insolvent. It is also admitted, that the claim of Cottle, proved and allowed before the commissioners of insolvency, exceeds the entire amount of assets belonging to the estate of the intestate, including the property in question.

The proof and allowance of a claim against the estate of a deceased person before commissioners, and the acceptance and confirmation of such allowance by the judge of probate, under Rev. Sts. *c.* 68, are equivalent to a judgment; and a claim, thus proved and allowed, must be regarded as *res adjudicata*. Upon familiar principles, such judgment is binding and conclusive upon all persons who were parties or privies thereto, and cannot be impeached or again called in question by them. By the express terms of the statute, the executor or administrator is made party to the entire proceedings, having the right to appear and contest the claims offered for proof, and to appeal from the decision of the commissioners and have the claim tried and determined as at common law. In all this, the executor or administrator acts as the representative of the estate of the deceased, and in behalf of all those, who, as legatees or donees, have an ultimate interest in the property. The defendant, as donee *causâ mortis*, took his title to the property, subject to the contingent right of the administrator to reclaim it upon the death of the intestate, and was bound to hold it and have it forthcoming when called for by the administrator, in case it was required for the payment of debts. Toller on Exrs. (4th ed.) 233; *Tate* v. *Hilbert*, 2 Ves. Jr. 111, 120; *Holland* v. *Cruft*, 20 Pick. 328.

It would seem to follow, that the rule of law, by which all persons, who are privies to a proceeding, are held bound by the judgment, is applicable to the defendant in this case.

The term privity denotes mutual or successive relationship to the same rights of property; all persons, who are represented by a party to a legal proceeding, and claim through or under him, or in privity with him, are concluded by a judgment, equally with the party himself. 1 Greenl. Ev. § 523. The defendant, by virtue of the gift to him by the deceased, was in privity with the administrator as to the personal estate of the intestate, and was represented by him, in the proceeding by which the claim of the creditor was proved and allowed. He cannot now, therefore, in this suit, seek to set aside or impeach it. 1 Jarman on Wills, (1st Am. ed.) 23, note; *Wood* v. *Medley*, 1 Hagg. Eccl. R. 645.

This conclusion is strengthened by a consideration of the result which would follow from a different doctrine. If the defendant were allowed to resist the claim of the administrator to the property of the intestate in his hands, upon the ground alleged in this case, the debt proved and allowed by the commissioners, and confirmed by the judge of probate, would not be thereby annulled, but would still be a valid, subsisting claim. The judgment could not be set aside as against the estate of the intestate, in a collateral proceeding, and it would still be binding on the administrator, and upon the assets in his hands. It would then follow, that one portion of the personal estate of a deceased person would be applied to the payment of his debts, and another portion be wholly exempted therefrom; or the entire assets might be withheld from the payment of a judgment against the estate of the deceased, which was still unreversed and in full force.

There was no evidence at the trial, nor is it contended, that there was any fraud or collusion between the administrator and the creditor, Cottle, in regard to the proof or allowance of his claim before the commissioners. The alleged fraud consisted in proving the debt by false testimony procured by Cottle. We have not, therefore, particularly considered what the effect might be upon the rights of the parties, if such fraud and collusion were proved. One thing, however, is quite obvious. If the defendant has been injured by neglect, or want of integrity and fidelity on the part of the adminis

trator, he has an ample remedy by a suit upon his official bond.

This view of the case renders it unnecessary to consider the other point raised at the trial, and, according to the agreement of the parties, the defendant must be defaulted and the case sent to an assessor to determine the amount of damages.